

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No: ) ) CV-10-H-0590-S |
| HPH PROPERTIES, INC.; ALAN HOWARD; and TINA HOGGLE, | ) ) |
| Defendants. | |

### COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff Employers Mutual Casualty Company ("EMCC"), by and through its undersigned counsel of record, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil procedure 57, and hereby files this Complaint for Declaratory Judgment against Defendants HPH Properties, Inc. ("HPH"), Alan Howard ("Howard"), and Tina Hoggle ("Hoggle"). In support thereof, EMCC states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  The Plaintiff Employers Mutual Casualty Company is an Iowa corporation, with its principle place of business located in the State of Iowa. EMCC is in the business of selling insurance.

1800974 v2

2. Upon information and belief, Defendant HPH Properties, Inc. is an Alabama corporation with its principal place of business located in the State of Alabama. HPH is in the business of property development and home construction.

3. Upon information and belief, Defendant Alan Howard is a resident of the State of Alabama. Upon information and belief, Howard is an officer and registered agent of HPH.

4. Upon information and belief, Defendant Tina Hoggle is a resident citizen of the State of Alabama.

5. HPH and Howard are defendants in an underlying action originally filed by Hoggle in the Circuit Court of Shelby County, Alabama, styled *Tina Hoggle v. H.P.H. Properties, Inc., Alan Howard, et al.*, docket number CV-07-1176 (the "Underlying Action"). Though the complaint in the Underlying Action does not contain an *ad damnum* clause, the nature of the claims demonstrates that Hoggle is seeking more than $75,000.00 in damages from Defendants HPH and Howard. In addition, EMCC is providing a defense to Defendants HPH and Howard in the Underlying Action pursuant to a reservation of rights, and the defense costs of the Underlying Action are to be considered in determining the amount in controversy for a declaratory judgment action such as this. As such, jurisdiction is predicated on diversity of citizenship and the amount in controversy,

28 U.S.C. § 1332, as well as the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants reside in this District, a substantial part of the events giving rise to the claim occurred in this District, and the property that is the subject of this action is located in this District.

## FACTS

7. EMCC has annually issued Defendants HPH and Howard a commercial general liability policy (the "CGL Policy") since January 1, 2006.

8. On December 21, 2007, HPH and Howard were sued by Hoggle in the Circuit Court of Shelby County, Alabama, CV-07-1176. A copy of this Complaint is attached hereto as Exhibit "A."

9. Hoggle closed on a home constructed by HPH in September of 2003. According to Hoggle's Complaint, her home was not constructed in accordance with accepted industry standards which has resulted in various structural deficiencies. *See* Ex. A. Specifically, Hoggle claims that her home has experienced cracks, separations and distortions caused by excessive differential foundation settlement, which is itself caused by improperly compacted fill soils and improper construction of the foundation. *See id.*

10. In conjunction with these allegations, Hoggle has asserted the following causes of action against HPH in the Underlying Action: (1) Negligence: Construction and Development; (2) Negligence: Hiring / Supervision / Training; (3) Suppression; (4) Breach of Implied Warranty of Habitability: (5) Breach of Contract; and (6) Third Party Beneficiary. *See id.*

11. Defendants HPH and Howard notified EMCC of the Underlying Action and sought defense and indemnity coverage under the CGL Policy.

## COUNT I
### (Declaratory Judgment)

12. EMCC realleges and reincorporates by reference paragraphs 1 through 11 as set forth above.

13. Based upon the foregoing facts and the attached CGL Policy, there presently exists a justiciable controversy as to whether coverage exists under the CGL Policy with respect to the claims made by Hoggle in the Underlying Action and/or whether coverage would be excluded by Alabama case law and the applicable language in the CGL Policy.

14. EMCC desires to perform and discharge any duties which it may owe to Defendants HPH and Howard with respect to the Underlying Action, but is presently in doubt as to the nature and extent of its coverage obligations, if any, under the CGL Policy.

WHEREFORE, PREMISES CONSIDERED, EMCC respectfully requests that this Honorable Court assume jurisdiction over this cause and determine all coverage issues that may exist under the terms and provisions of the CGL Policy. To that end, EMCC prays that this Court will do the following:

(a) That this Honorable Court take jurisdiction of this case;

(b) That this Honorable Court order, adjudge and decree that this is a proper cause for an action of declaratory judgment and that there is a bona fide controversy between the parties as to their legal rights, status and liability;

(c) That process of this Honorable Court be issued to Defendants and that they be ordered to respond to this Complaint for Declaratory Judgment within the time required by law, or in the event of their failure to do so, suffer a decree by default;

(d) That upon a final hearing, this Honorable Court will declare whether EMCC owes a duty to defend and/or indemnify Defendants HPH and Howard in the Underlying Action pursuant to the CGL Policy; and

(e) That this Honorable Court will award any such other further relief as may be appropriate to accomplish justice and equity among the parties.

Dated this 19th day of March, 2010.

          Respectfully submitted,

          _____
          Robert S.W. Given (GIV003)
          Matthew T. Mitchell (MIT050)

          Attorneys for Plaintiff
          Employers Mutual Casualty Company

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**PLAINTIFF REQUESTS THAT DEFENDANTS BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

HPH Properties, LLC
c/o Alan Howard
2236 Cahaba Valley Drive, Suite 100
Birmingham, Alabama 35242

Alan Howard
2236 Cahaba Valley Drive, Suite 100
Birmingham, Alabama 35242

Tina Hoggle
231 Bedford Lane
Calera, Alabama 35040

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| TINA HOGGLE, | ) |
|     Plaintiff, | ) CIVIL ACTION NUMBER: CV-07-1178 |
| v. | ) JURY TRIAL DEMANDED |
| H.P.H. PROPERTIES, INC.; ALAN HOWARD, INDIVIDUALLY; and DEFENDANTS A - F: Whether singular or plural, all other entities engaging in the same or similar practices of the named defendants herein Plaintiff avers that the identities of the fictitious parties herein are otherwise unknown to plaintiff at this time, and their true names will be substituted by amendment when ascertained, | ) |
|     Defendants. | ) |

RECEIVED AND FILED
MARY H. HARRIS
DEC 20 2007
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO

RECEIVED AND FILED
MARY H. HARRIS
DEC 21 2007
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO

# COMPLAINT

## I. PARTIES

1. Plaintiff Tina Hoggle is over the age of 19 and a resident of the State of Alabama.

2. Plaintiff is the first owners of a house located at 231 Bedford Lane, Calera, Alabama 35040.

3. Defendants developed the property and constructed the residence in 2003.

4. Upon information belief Defendant Alan Howard, individually, applied and/or obtained the building permit for Plaintiff's residence.

5. Defendants A through F participated in the construction of the house or were otherwise involved in the development of the lot or sale of the home.

6. Wherever it is alleged that a Defendant did anything, it is averred that "Defendant" acted on behalf of all Defendants collectively. In addition, the use of the word "Defendant" shall include all agents, subsidiaries, subcontractors and other entities involved in any way with the sale or construction of the home.

## II. JURISDICTION

7. This Court has jurisdiction over this action as the minimum amount in controversy is present. Venue is proper in this Court pursuant to Ala. Code Section 6-3-5 (1975) and Alabama Rules of Civil Procedure Section 82(c).

## III. STATEMENT OF FACTS

8. The Defendants developed the lot and constructed Plaintiff's residence.

9. The Defendants failed to warn Plaintiff of the deficiencies with the construction of the Plaintiff's residence including but not limited to deficiencies in the site preparation and creation of the foundation. Defendants had a duty to disclose to Plaintiff the deficiencies with the construction of the Plaintiff's home and the risks associated with it which could lead to property damage. The Defendants breached that duty. Defendants' actions have resulted in the Plaintiff's home not being constructed in accordance with accepted industry standards and, accordingly, Plaintiff has suffered extensive damage to her home.

10. On or about September 4, 2007, Richard Laframboise, performed a comprehensive inspection of Plaintiff's property. Laframboise concluded that the Plaintiff's home has experienced cracks, separations and distortions caused by excessive differential foundation settlement due to improper compacted fill soils and improper construction of the foundation. Laframboise also concluded that as a result of the construction atop weak imported fill soils, continued settling

2

problems will only worsen. Plaintiff was not aware of the problems with their home until approximately six months ago.

11. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered extensive damages that will require costly repairs, as well as other incidental damages including emotional distress and depreciation of property value. Plaintiff is in desperate need of immediate repairs in order to stabilize the differential settlement and other identified deficiencies at the residence.

12. In addition to the differential settlement, Plaintiff has numerous issues with the construction of the home. The deficiencies have led to resulting damage which Plaintiff will be required to repair. As a result of the deficiencies with the home, Plaintiff has suffered extensive damages that will require costly repairs, as well as other incidental damages including emotional distress and depreciation of property value.

**COUNT ONE - NEGLIGENCE: CONSTRUCTION AND DEVELOPMENT**

13. Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

14. Defendants had a duty prepare the site and construct the foundation of the Plaintiff's home so as to minimize the damages associated with the known inherent risks of improper foundation construction.

15. Defendants breached their duty to prepare the site and construct the foundation at the Plaintiff's home so as to minimize the damages associated with the known inherent risks of improper site preparation and improper foundation construction.

16. Defendants breach of their duty to prepare the site and construct the foundation at the

3

Plaintiff's home so as to minimize the damages associated with the known inherent risks was both reckless and wanton.

17. As a direct and proximate result of Defendants' breach of their duty to prepare the site and construct the foundation at the Plaintiff's home so as to minimize the damages associated with the known inherent risks of settling, the above-named Plaintiff has suffered damages as set forth in the above statement of facts.

18. New and distinct damages caused by Defendants' negligence continue to occur to this date and new damage will continue to occur for the foreseeable future.

19. Likewise, Defendants had a duty to utilize adequate materials, and properly construct all aspects of Plaintiff's home.

20. Defendants breached their duties to utilize adequate materials and properly construct Plaintiff's home.

21. Defendants breach of their duties to utilize adequate materials and properly construct Plaintiff's home was both reckless and wanton.

22. As a direct and proximate result of Defendants' failure to utilize adequate materials and properly construct Plaintiff's home, the above-named Plaintiff has suffered damages.

23. New and distinct damages caused by Defendants' negligence continue to occur to this date and new damage will continue to occur for the foreseeable future.

### COUNT TWO - NEGLIGENCE: HIRING/SUPERVISION/TRAINING

24. Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

25. Defendants had a duty to properly supervise all aspects of the construction for

4

Plaintiff's home including but not limited to site preparation and foundation construction.

26. Defendants breached their duty to properly supervise, inspect, hire, train, instruct, or educate their employees or subcontractors in the proper construction of all aspects of Plaintiff's home.

27. Defendants breach of their duty to supervise, inspect, properly hire, train, instruct, or educate their employees or subcontractors in the proper construction of all aspects of Plaintiff's home was both reckless and wanton.

28. As a direct and proximate result of Defendants' breach the above-named Plaintiff suffered damages as set forth in the above statement of facts.

29. New and distinct damages caused by Defendants' negligence continue to occur to this date and new damage will continue to occur for the foreseeable future.

## COUNT THREE - SUPPRESSION

30. Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

31. Defendants willfully, wantonly, fraudulently, negligently or recklessly suppressed material facts from the Plaintiff, including, but not limited to the following:

    a. That the foundation of the home was not structurally sound;

    b. Defendants had failed to properly prepare the home site; and

    c. That subcontractors had not been properly trained, instructed or educated to ensure the proper construction of the Plaintiff's home;

    d. That the bearing depth had not been inspected to insure proper construction of the foundation;

  e. That the Defendants failed to take any steps to insure that the home was built in accordance with the applicable building codes and good and workmanlike practices.

32. Defendants suppressed and concealed this information from Plaintiff.

33. Under the circumstances, Defendants had a duty to disclose to Plaintiff the material facts set forth above.

34. Furthermore, because the Defendants had superior knowledge of the facts, and had a means of knowledge and expertise not shared by Plaintiff, the Defendants had a duty to disclose to Plaintiff the material facts set forth above.

35. Defendants suppressed and concealed material facts from Plaintiff in order to induce Plaintiff to purchase the home. Without knowledge of the foregoing material facts, Plaintiff did, in fact, act to their injury by purchasing the home.

36. Plaintiff has been damaged as a direct and proximate result of the misrepresentations of Defendants.

37. The actions of Defendants constitute suppression of material facts pursuant to Alabama Code § 6-5-102 (1975).

**COUNT FOUR - BREACH OF IMPLIED WARRANTY OF HABITABILITY**

38. Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

39. By operation of law, Defendants impliedly warranted that Plaintiff's home would be habitable.

40. Defendants breached the implied warranty of habitability to Plaintiff by failing to

construct, erect and complete Plaintiff's residence in a good and workmanlike manner with good and substantial materials, in accordance with the plans and specifications and the applicable building code.

41. As a direct and proximate result of Defendants' breach, Plaintiff has been damaged as set forth in the above statement of facts.

## COUNT FIVE - BREACH OF CONTRACT

42. Plaintiff realleges and adopt by reference the allegations in the preceding paragraphs in this Complaint as it fully set out herein below and further allege that:

43. Plaintiff had an express contract with Defendants. Plaintiff alleges they have fully performed their obligation under the contract. Plaintiff alleges that Defendants breached the construction contract by failing to construct the house in a workmanlike manner in accordance with all specifications and applicable codes.

44. As a direct and proximate result of the breach of contract by Defendants, Plaintiff suffered the following damages:

    a. The difference between the market value of the house had it been constructed correctly and the present market value of the house;

    a. consequential damages for the cost of repairs to the structure of the house;

    a. Mental anguish and emotional distress.

45. Had Defendants disclosed the truth regarding the condition of the property, Plaintiff would not have purchased the same.

7

## COUNT SIX - THIRD PARTY BENEFICIARY

46.    Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

47.    Plaintiff alleges that Fictitious Defendants "A" through "F" and named Defendants entered into express subcontracts whereby Fictitious Defendants "A" through "F" would perform work at the Plaintiff's residence. Plaintiff alleges that Plaintiff was the intended beneficiaries of the subcontracts between Fictitious Defendants "A" through "F" and named Defendants.

48.    All Defendants knew that Plaintiff would benefit from their contracts and that Plaintiff could be harmed by any breach of the contracts by Defendants.

49.    Plaintiff further alleges Fictitious Defendants "A" through "F" breached their subcontracts with named Defendants by failing to carefully and properly perform their work in a good and workmanlike manner; and therefore, Plaintiff is entitled to damages as a third-party beneficiary because Plaintiffs suffered damages as a result of the breach.

50.    As a direct and proximate result of the actions of named Defendants and Fictitious Defendants "A" through "F", which combined and concurred to form the basis of this suit, Plaintiff have suffered damages.

**WHEREFORE**, Plaintiff prays for judgment, joint and several, be entered against Defendants in an amount to be determined by the trier of fact, and for further exemplary damages to the extent permitted by law. Plaintiff also demands the costs of this action, and interest on the judgment as allowed by law.

Dated: _December 20_, 2007.

_____
G. Richard Boyles, Jr.(BOY033)
Attorney for Plaintiff

**OF COUNSEL:**
COLLINS, LIVEOAK & BOYLES, P.C.
2021 Morris Avenue, Suite 200
Birmingham, Alabama 35203
(205) 324-1834

## JURY DEMAND

**Plaintiffs demand a trial by jury on issues triable.**

## SERVED VIA CERTIFIED MAIL

**HPH PROPERTIES, LLC**
**C/O Alan Howard**
**2224 Cahaba Valley Drive, Suite B-3**
**Birmingham, Alabama 35242**

**ALAN HOWARD**
**2224 Cahaba Valley Drive, Suite B-3**
**Birmingham, Alabama 35242**